# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv628

| | |
|---|---|
| MICHAEL RAY CHERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CORRECT CARE SOLUTIONS; Nurse ) | |
| Lois (LNU); Nurse Karla (LNU), ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983. (Doc. No. 1 ).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Adkins, 487 U.S. 42, 49 (1988) (citation omitted). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that it must be dismissed because Plaintiff has failed to state a claim for relief.

Plaintiff claims in mid-June 2010, Nurse Karla and Nurse Lois misdiagnosed him with a hernia. (Doc. No. 1 at 3). Plaintiff alleges he returned to the medical clinic several times after his

1

initial diagnosis complaining that he was still in pain. Each time, Plaintiff was seen by either Nurse Lois or Nurse Karla. (Id..) On June 25, 2010, Plaintiff was seen by a doctor in the medical clinic, who immediately sent him to the hospital where he was diagnosed with a blood clot in his leg. (Id. at 3, 7). Plaintiff contends that he suffered for almost two weeks before his proper diagnosis and hospitalization because of the negligence of Nurse Lois and Nurse Karla in misdiagnosing him with a hernia. (Id. 8). Plaintiff requests a jury trial and asks for a declaration that his Constitutional rights were violated, as well as compensatory and punitive damages. (Id. at 4).

Taking the allegations contained in Plaintiff's Complaint as true, they fail to state a claim for relief under § 1983. At most, Plaintiff's Complaint states a claim under state law for negligence or medical malpractice. However, neither medical malpractice nor negligence claims are cognizable under § 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (malpractice or negligence in diagnosis does not state constitutional claim); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998) (negligence or malpractice in missing a diagnosis does not, by itself, state a claim for deliberate indifference). Therefore, the Court will dismiss Plaintiff's Complaint.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is Dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge